IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MONIQUE S. RIVERA** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CAUSE NO. 1:04CV103** |
| § | | |
| **COUNTRYWIDE FINANCIAL CORP.** § | | |
| **COUNTRYWIDE HOME LOANS, INC.** § | | |
| **and TRUSTMARK NATIONAL BANK** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART COUNTRYWIDE'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion to Dismiss or alternatively for Summary Judgment [63] filed by Defendants Countrywide Home Loans, Inc. and Countrywide Financial Services, Inc. (collectively, "Countrywide"). The Plaintiff filed a response, and Countrywide filed a rebuttal. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be granted in part and denied in part.

DISCUSSION

The Plaintiff in this lawsuit received title to a home after her friend, Edward Chancellor, quit-claimed his interest in the home to her as a joint tenant with rights of survivorship. Sometime after executing the quitclaim deed Mr. Chancellor died, and title in the property transferred to Plaintiff. She alleges that Defendant Trustmark and Defendant Countrywide began harassing her with delinquency notices, threatening letters and phone calls regarding Edward Chancellor's Promissory Note and Deed of Trust. She alleges that she repeatedly told the Defendants she did not owe any money to them as she had not signed the Promissory Note or the Deed of Trust. Nevertheless, the Defendants continued to dun her and reported to third parties that Plaintiff was delinquent in paying the Note. Plaintiff brings claims against Trustmark and Countrywide under the Fair Credit Reporting Act and a number of common law torts.

*The Motion to Dismiss or for Summary Judgment:*

Defendant Countrywide requests dismissal or summary judgment as to all of Plaintiff's claims against it, arguing that Plaintiff does not have a cognizable Fair Credit Reporting Act claim, many of the common law tort claims are preempted by the Act, and as to the torts not preempted, there is no question of material fact for the jury.

As a preliminary matter, Plaintiff contends that of the twenty-one affirmative defenses asserted by the Defendant, none encompasses the defense that Plaintiff's claims are preempted by federal statutes, and Defendant's Fair Credit Reporting Act defense is therefore waived under FED. R. CIV. P. 8(c). Defendant asserts that it gave adequate notice of this defense to the Plaintiff by alleging in its answer that "no private right of action exists under one or more provisions of the Fair Credit Billing Act and/or Fair Credit Reporting Act alleged by Plaintiff to have been violated by Countrywide." The Court agrees that this allegation is sufficient to put Plaintiff on notice of Defendant's affirmative defense involving the Fair Credit Billing Act and/or Fair Credit Reporting Act. There has been no waiver. *See Murray v. Crossmark Sales, Inc.*, 163 Fed.Appx. 339, 341-42 (5th Cir. 2006).

*The Fair Credit Reporting Act:*

In response to Defendant's allegation that Plaintiff's claims are preempted by the Fair Credit Reporting Act, Plaintiff concedes that "Countrywide Mortgage is correct as to the fact that there is not a cause of action under the Fair Credit Reporting Act. ... This is true as there was no complaint to the respective credit bureaus requesting an investigation." Having conceded that Count 1 of the Amended Complaint should be dismissed, Plaintiff states that "[n]evertheless, Rivera would strenuously contended (sic) that a cause of action does exist under the common law tort claims which are set forth in the Second Amended Complaint (Counts 2-6)." Those common

law torts are: defamation (Count 2); intentional infliction of emotional distress (Count 3); punitive damages (Count 4); negligent infliction of emotional distress (Count 5); and invasion of privacy (Count 6).

In response, Countrywide contends that all of Plaintiff's common law tort claims are preempted by the Fair Credit Reporting Act, which provides in relevant part as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnished information to a consumer reporting agency, based on information disclosed pursuant to 1681g, 1681h or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or with willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

Under this provision, Plaintiff's defamation, negligent infliction of emotional distress and invasion of privacy claims are expressly preempted. However, this provision does not prohibit Plaintiff's intentional infliction of emotional distress claim or her request for punitive damages, both of which require a showing of malice or willful intent to injure. *See Paracelsus Health Care Corp. v. Willard,* 754 So.2d 437, 442 (Miss. 1999) and *Peoples Bank & Trust Co. v. Cermack*, 658 So.2d 1352, 1365 (Miss. 1995) (overruled on other grounds). Therefore, these two claims must be analyzed further.

*The Intentional Infliction of Emotional Distress and Punitive Damages Claims:*

The Defendant offers Plaintiff's deposition testimony as evidence that Defendant acted without malice or an intent to injure when it continued to dun her for unpaid amounts due on the Note. When asked whether she believed Countrywide "intended to cause you some sort of harm because of what they did," Plaintiff replied "I believe they made a mistake." (Ex. "A" to

Defendant's Motion, pg. 119). Asked "You don't believe they were trying to injury (sic) you or harm you; do you, Ms. Rivera," she replied "No, I do believe they made a mistake." *Id.*

The Defendant contends that this is an admission which negates an essential element of Plaintiff's remaining claims, entitling it to summary judgment. Plaintiff does not direct the Court to any evidence on this point, but argues that she is "a little old lady in a deposition ... trying to think the best of everyone."

In the Fifth Circuit and other jurisdictions an admission of this type is not deemed conclusive of the matter, but is only some evidence. The admission may be controverted or explained by the party who made it. *Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 477 (5th Cir. 2001). "When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission." *Keller v. United States,* 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995), *citing* Michael H. Graham, *Federal Practice and Procedure* § 6726, at 536-37. "A party's testimonial declarations which are contrary to his position are quasi-admissions. ... The weight to be given such admissions is decided by the trier of fact." *Mendoza v. Fidelity and Guaranty Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). Therefore, although Plaintiff's statement cannot be considered conclusive, it does still operate as adverse evidentiary admission properly before the Court in its resolution of the factual issue on Defendant's summary judgment motion. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

It appears to the Court that whether the Defendant acted with malice or an intent to injure is a question which cannot be answered by asking Plaintiff's opinion of the matter. Furthermore, although Plaintiff does not point to it in her response to the summary judgment motion, there is evidence that Countrywide was informed a number of times that Plaintiff was not a party to the

Note, both by the Plaintiff and her counsel, and yet Countrywide continued with collection efforts. *See* Plaintiff's Exh. 4 and 5. In order to obtain summary judgment pursuant to FED. R. CIV. P. 56, the burden is on the Defendant to show that there is an absence of evidence to support Plaintiff's case. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). It is the Court's opinion that the Defendant has failed to make this showing. Defendant is therefore not entitled to summary judgment as to Count 3(intentional infliction of emotional distress) or Count 4 (punitive damages) of Plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss or alternatively for Summary Judgment [63] filed by Defendants Countrywide Home Loans, Inc. and Countrywide Financial Services, Inc. is **GRANTED** as to Counts 1, 2, 5 and 6 of Plaintiff's Amended Complaint. These claims are **DISMISSED WITH PREJUDICE** pursuant to FED.R.CIV.P. 12(b)(6).

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss or alternatively for Summary Judgment [63] filed by Defendants Countrywide Home Loans, Inc. and Countrywide Financial Services, Inc. is **DENIED** as to Counts 3 and 4 of Plaintiff's Amended Complaint.

**SO ORDERED AND ADJUDGED** this the 8th day of June, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE