**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MONIQUE S. RIVERA** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:04CV103** |
| | § | |
| **COUNTRYWIDE FINANCIAL CORP.** | § | |
| **COUNTRYWIDE HOME LOANS, INC.** | § | |
| **and TRUSTMARK NATIONAL BANK** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
FOR RECONSIDERATION, AND GRANTING IN PART AND
DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT**

THE MATTERS BEFORE THE COURT are: 1) the Motion for Reconsideration [89] filed by Plaintiff Monique Rivera ("Plaintiff" or "Rivera"); 2) the Motion to Dismiss or alternatively for Summary Judgment [63] filed by Defendants Countrywide Home Loans, Inc. and Countrywide Financial Services, Inc. (collectively, "Countrywide"), and the Motion for Summary Judgment [74] filed by Defendant Trustmark National Bank ("Trustmark"). The Motions have been fully briefed, and after due consideration of the submissions and the relevant law, it is the Court's opinion that the Motions should be granted in part and denied in part.

DISCUSSION

The Plaintiff in this lawsuit received title to a home after her friend, Edward Chancellor, quit-claimed his interest in the home to her as a joint tenant with rights of survivorship. Sometime after executing the quitclaim deed Mr. Chancellor died, and title in the property transferred to Plaintiff. She alleges that Defendant Trustmark and Defendant Countrywide began harassing her with delinquency notices, threatening letters and phone calls regarding Edward Chancellor's Promissory Note and Deed of Trust. She alleges that she repeatedly told the Defendants she did not owe any money to them as she had not signed the Promissory Note or the

Deed of Trust.  Nevertheless, the Defendants continued to dun her and reported to third parties that Plaintiff was delinquent in paying the Note.

*The Motion to Reconsider*:

Plaintiff requests that the Court reconsider its June 8, 2006 ruling on Defendant Countrywide's Motion for Summary Judgment. (docket entry #82).  Plaintiff points out the Court's failure to properly apply the language of 15 U.S.C. § 1681h(e) resulted in inconsistent treatment of Plaintiff's various state law claims.

The Court "'recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice.'" *Nationwide Mutual Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000), *quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S. D. Miss. 1990), *citing Natural Resources Defense Council v. United States Envtl. Protection Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989).  Having reviewed the Motion, the undersigned is of the opinion that the Plaintiff has shown the need to correct a clear error of law.  Plaintiff's Motion to Reconsider will therefore be granted.  The Order entered June 8, 2006 is withdrawn, and the Court's modified opinion and order in regard to Countrywide's Motion to Dismiss or for Summary Judgment is incorporated below.

*Plaintiff's claims:*

Plaintiff brings the following claims against Trustmark and Countrywide:

1.      Violations of the Fair Credit Billing Act and the Fair Credit Reporting Act;

2.      Defamation in that "[t]he statements made by Trustmark National Bank, Countrywide

Home Loans, Inc. and Countrywide Financial to Equifax and other credit reporting institutions were false and known to be false by Countrywide" (Second Am. Compl. pg. 5);

3.      Intentional Infliction of Emotional Distress;

4.      Punitive Damages;

5.      Negligent Infliction of Emotional Distress; and

6.      Invasion of Privacy.

Defendants Countrywide and Trustmark request dismissal or summary judgment as to all of Plaintiff's claims against them, arguing that Plaintiff does not have a cognizable Fair Credit Reporting Act claim, many of the common law tort claims are preempted by the Act, and as to the torts not preempted, there is no question of material fact for the jury.  Trustmark contends that Plaintiff's tort claims against it are time-barred.

As a preliminary matter, Plaintiff contends that of the twenty-one affirmative defenses asserted by Countrywide, none encompasses the defense that Plaintiff's claims are preempted by federal statutes, and Countrywide's Fair Credit Reporting Act defense is therefore waived under FED. R. CIV. P. 8(c).  Countrywide asserts that it gave adequate notice of this defense to the Plaintiff by alleging in its answer that "no private right of action exists under one or more provisions of the Fair Credit Billing Act and/or Fair Credit Reporting Act alleged by Plaintiff to have been violated by Countrywide."  The Court agrees that this allegation is sufficient to put Plaintiff on notice of Countrywide's affirmative defense involving the Fair Credit Billing Act and/or Fair Credit Reporting Act.  There has been no waiver.  *See Murray v. Crossmark Sales, Inc.*, 163 Fed.Appx. 339, 341-42 (5th Cir. 2006).

_The Fair Credit Billing Act:_

Trustmark asserts that Plaintiff's Fair Credit Billing Act claim, made under 15 U.S.C. § 1640, is barred by 15 U.S.C. § 1640(e), which provides in relevant part: "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Trustmark argues that any violation would necessarily have taken place before Trustmark sold the Note to Countrywide in April 2003. Trustmark was not made a part of this lawsuit until more than one year later, in August 2004. Plaintiff has not argued that her claim is not subject to the statute of limitations contained in §1640(e). The Court therefore finds that Plaintiff's Fair Credit Billing Act claim against Defendant Trustmark is time barred.[1]

_The Fair Credit Reporting Act:_

In response to Defendant's allegation that Plaintiff's claims are preempted by the Fair Credit Reporting Act, Plaintiff concedes that she does not have a viable claim because there was no complaint to the respective credit bureaus requesting an investigation. The FCRA claims against both Trustmark and Countrywide will therefore be dismissed.

_Plaintiff's State Law Tort Claims:_

Defendants argue that all of Plaintiff's common law tort claims are preempted by the Fair Credit Reporting Act. There is a large body of law discussing the interplay of two "preemption" provisions of the FCRA in regard to claims against furnishers of credit information: 15 U.S.C. §

---

[1] Defendant Countrywide has not requested summary judgment as to Plaintiff's Fair Credit Billing Act claim against Countrywide. Therefore, this claim remains.

1681h(e),[2] and the newer § 1681t(b)(1)(f).  Three predominant approaches have emerged.  Some

courts have held that all state claims against furnishers of information to credit reporting agencies

are preempted by §1681t(b)(1)(F).  Others have adopted a "temporal view" that §1681t(b)(1)(F)

only preempts state law claims arising after the furnisher of information receives notice of the

dispute, and claims arising before notice are governed by §1681h(e), with some of these courts

finding that such notice can be from anyone, including the consumer, and others holding that the

notice must be from the credit reporting agency.  Finally, some courts have adopted a "statutory

view" that state statutory claims are preempted by §1681t(b)(1)(F), but common law claims are

covered by §1681h(e).

No court of appeal has provided guidance on these potentially contradictory preemption

provisions.  *Kane v. Guaranty Residential Lending, Inc.,* 2005 WL 1153623 (E.D. N.Y. 2005).

*See also Beyer v. Firstar Bank*, 447 F.3d 1106 (8th Cir. 2006) (declining to "address this complex

question").  However, the Fifth Circuit has applied §1681h(e) to state law claims in *Young v.*

*Equifax Credit Information Services*, 294 F.3d 631, 638 (5th Cir. 2002).  In that case, the court

stated "[t]he FCRA preempts state law defamation or negligent reporting claims unless the

plaintiff consumer proves 'malice or willful intent to injure' him."  *Id.* at 638.  (citing

---

[2]  15 U.S.C. § 1681h(e) provides in relevant part:
Except as provided in sections 1681n and 1681o of this title, no consumer may
bring any action or proceeding in the nature of defamation, invasion of privacy, or
negligence with respect to the reporting of information against any consumer
reporting agency, any user of information, or any person who furnished
information to a consumer reporting agency, based on information disclosed
pursuant to 1681g, 1681h or 1681m of this title, or based on information disclosed
by a user of a consumer report to or for a consumer against whom the user has
taken adverse action, based in whole or in part on the report except as to false
information furnished with malice or with willful intent to injure such consumer.

§1681h(e)).  The Fifth Circuit's opinion does not mention §1681t(b)(1)(F) or the possible conflict between that provision and §1681h(e).  Nevertheless, the *Young* holding is controlling. Therefore, Plaintiff's state law claims in the nature of defamation, invasion of privacy, or negligence with respect to the Defendants' reporting of information to a consumer reporting agency are preempted by §1681h(e) unless Plaintiff proves "malice or willful intent to injure" her.  15 U.S.C. § 1681h(e).

    A.    <u>TRUSTMARK</u>

The Court must first address Trustmark's statute of limitations defense as to Plaintiff's defamation,[3] invasion of privacy and intentional infliction of emotional distress claims.  If these claims are time-barred, there is no need to analyze the evidence of Trustmark's alleged malice or willful intent to injure.

MISS. CODE § 15-1-35 imposes a one-year statute of limitations on the intentional torts noted above.  *King v. Otasco, Inc.,* 861 F.2d 438, 442 (5th Cir. 1988).  Even though Mississippi law governs the applicable limitations period, federal law governs when a cause of action accrues. *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir.2001).  Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.  *Piotrowski,* 237 F.3d at 576.  Thus, the Court must determine whether Plaintiff's causes of action accrued within one year of the date Plaintiff brought suit against Trustmark.

On October 23, 2002, Trustmark sent a letter to Plaintiff identifying her as the "Primary

---

[3]  It appears that Plaintiff does not intend to state a claim for defamation against Trustmark, since the allegation in the Second Amended Complaint is that the statements were "false and known to be false by Countrywide."  *See* Second Am. Compl. pg. 5.

Name" on the loan. (Exh. 3 to Pl. Resp. to Countrywide's Mot. to Dism., pg. 9). In January and February of 2003, Trustmark sent Plaintiff letters about the default. *Id.,* pgs. 10-14. In the Court's opinion, these communications from Trustmark provided Plaintiff with sufficient information to know that she had been injured. Therefore, Plaintiff's defamation, invasion of privacy and intentional infliction of emotional distress claims against Trustmark are barred by the applicable statute of limitations, regardless of their fate under the FCRA preemption statute.

Next, Plaintiff's negligence claim with respect to Trustmark's reporting of information to a consumer reporting agency is clearly preempted by §1681h(e). Plaintiff will never be able to show that Trustmark acted with malice or intent to injure. Therefore, to the extent that Plaintiff alleges negligence in reporting to a consumer reporting agency, Trustmark is entitled to judgment as a matter of law.

However, Plaintiff contends that Trustmark did more than just report to consumer reporting agencies that she was delinquent on Mr. Chancellor's Note. Plaintiff also alleges that Trustmark reported to Countrywide that Rivera was the obligor on Mr. Chancellor's Note and that it was delinquent, and that Trustmark wrongfully attempted to collect amounts due on Mr. Chancellor's Note from her. These actions fall outside the conduct regulated by FCRA and, as such, the state law claims based on these actions are not preempted by FCRA. *Dornhecker v. Ameritech Corp.*, 99  F.Supp.2d 918, 931 (N.D.Ill. 2000) ("the negligence claims encompass Ameritech's alleged breach of duty committed by opening accounts based on stolen information, actions not regulated by the FCRA. Therefore the court concludes that these common law causes of action are not preempted."). *See also Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 385 (D.N.J. 2006). Accordingly, Trustmark is not entitled to judgment as a matter of law as

to Plaintiff's negligence claims which are not related to Trustmark's conduct in reporting to a consumer reporting agency.

   B.   COUNTRYWIDE

   As discussed above, in order to bring her claims of defamation, invasion of privacy, or negligence against Countrywide, Plaintiff must show that Countrywide acted with malice or a willful intent to injure.  Noting that the FCRA does not define "malice" as it applies to section 1681h(e), some courts have adopted the meaning of the term used in libel litigation.  *Yeager v. TRW Inc.,* 984 F.Supp. 517, 523 (E.D.Tex. 1997) (citing *Thornton v. Equifax,* 619 F.2d 700, 705 (8th Cir. 1980).  This standard applies in the Fifth Circuit.  *See Cousin v. Trans Union Corp.*, 246 F.3d 359, 375 (5th Cir. 2001).  Thus, a statement made with malice is an allegedly defamatory statement which the speaker either knows is false or in which the speaker acts in reckless disregard of its truth or falsity.  *Id.*  The term "willful" in this context has been interpreted to require that a defendant knowingly and intentionally commit an act in conscious disregard to the rights of others.  *Yeager*, 984 F.Supp. at 523.

*Evidence of Malice or Willful Intent to Injure*

   Countrywide offers Plaintiff's deposition testimony as evidence that Countrywide acted without malice or an intent to injure when it continued to dun her for unpaid amounts due on the Note. When asked whether she believed Countrywide "intended to cause you some sort of harm because of what they did," Plaintiff replied "I believe they made a mistake."  (Ex. "A" to Countrywide's Motion, pg. 119).  Asked "You don't believe they were trying to injury (sic) you or harm you; do you, Ms. Rivera," she replied "No, I do believe they made a mistake."  *Id.*

   Countrywide contends that this is an admission which negates an essential element of

Plaintiff's remaining claims, entitling it to summary judgment.  Plaintiff does not direct the Court

to any evidence on this point, but argues that she is "a little old lady in a deposition ... trying to

think the best of everyone."

An admission of this type is generally not deemed conclusive of the matter, but is only

some evidence.  The admission may be controverted or explained by the party who made it.

*Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 477 (5th Cir. 2001).  "When a party testifying

at trial or during a deposition admits a fact which is adverse to his claim or defense, it is

generally preferable to treat that testimony as solely an evidentiary admission."  *Keller v. United*

*States,* 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995), *citing* Michael H. Graham, *Federal Practice and*

*Procedure* § 6726, at 536-37.  "A party's testimonial declarations which are contrary to his

position are quasi-admissions.  ... The weight to be given such admissions is decided by the trier

of fact."  *Mendoza v. Fidelity and Guaranty Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex.

1980).  Therefore, although Plaintiff's statement cannot be considered conclusive, it does still

operate as adverse evidentiary admission properly before the Court in its resolution of the factual

issue on Defendant's summary judgment motion.  *White v. ARCO/Polymers, Inc*., 720 F.2d 1391,

1396 (5th Cir. 1983).

It appears to the Court that whether the Countrywide acted with malice or an intent to

injure is a question which cannot be answered by asking Plaintiff's opinion of the matter.

Furthermore, there is evidence in the record that Countrywide was informed a number of times

that Plaintiff was not a party to the Note, both by the Plaintiff and her counsel, and yet

Countrywide continued with collection efforts.  *See generally,* Plaintiff's Exh. 4 and 5.

In August 2003, Rivera's counsel contacted Morris & Associates, which was representing

Countrywide and had sent Rivera notices of intent to foreclose.  The Morris & Associates representative advised counsel that "no further action would be taken, ... all appropriate steps would be taken to remove Ms. Rivera from the account so there would be no adverse credit reporting with respect to same."  (Pl. Exh. 2, pgs. 1-2).  On November 6, 2003, Countrywide's records show a notation about a "discrepancy" having to do with the name on the deed and note. Pl. Exh 5, pg. 26.  A few months later, in February 2004, Countrywide force-placed hazard insurance on the property and attempted to collect the premium from Rivera, telling her "you are obligated by your loan documents to reimburse Countrywide for this advance."  Pl. Attach. 1, pg. 48.  Plaintiff contends that Countrywide had the Note in its possession, and could easily have verified Rivera's claim that she was not obligated to Countrywide.  She states that Countrywide did not discontinue its attempts to collect from her until after this litigation was filed.  Pl. Exh. 1, pg. 4.

        In the Court's opinion, the evidence set out above, viewed in the light most favorable to the non-movant, could lead a jury to believe that Countrywide's actions were taken with malice or in reckless disregard for the truth.  Therefore, Countrywide's Motion for Summary Judgment will be denied as to Plaintiff's claims of defamation, intentional infliction of emotional distress, and invasion of privacy.  As discussed above in regard to the claims against Trustmark, Plaintiff's claim of negligent infliction of emotional distress against Countrywide, to the extent that it involves reporting of information to a consumer reporting agency, is preempted by 15 U.S.C. § 1681h(e) and will be dismissed.  However, to the extent that Plaintiff alleges negligence in actions not involving the reporting of information, that claim should be allowed to go forward.

        **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Reconsider

[89] is **GRANTED**.

   **IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for Summary

Judgment of Defendant Trustmark National Bank [74] is **DENIED** as to Plaintiff's negligence

claims which are not related to Trustmark's conduct in reporting to a consumer reporting agency,

and **GRANTED** in all other respects.

   **IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss or for

Summary Judgment filed by Defendants Countrywide Financial Corporation and Countrywide

Home Loans, Inc. [63] is **GRANTED** as to Plaintiff's Fair Credit Reporting Act claims,

including the claim of negligent infliction of emotional distress to the extent that it involves

Countrywide's conduct in reporting to a consumer reporting agency.  The Motion is **DENIED** in

all other respects.

   **SO ORDERED AND ADJUDGED** this the 21th day of August, 2006.


                                   s/ *Louis Guirola, Jr.*
                                   LOUIS GUIROLA, JR.
                                   UNITED STATES DISTRICT JUDGE